UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-08-GWU

VETTA BIGGS, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff seeks judicial review of an administrative denial of her application for Supplemental Security Income (SSI) benefits originally filed in October, 2002. (Tr. 86-9). After a period of reconsideration prompted by the undersigned's memorandum opinion and order of April 21, 2006, Biggs v. Barnhart, London Civil Action No. 05-163-GWU (E.D. Ky.), and the consolidation of a subsequent SSI application from June, 2005 (Tr. 389-96), the case is once again before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind

1

shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to

perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely

using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Vetta J. Biggs, a 54-year-old woman with a ninth grade education and unskilled work experience, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of migraine headaches, obesity, degenerative disc disease and osteoarthritis.  (Tr. 306).  Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Biggs retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 308-11).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she could perform "no more than occasional lifting from the ground of light weight."  (Tr. 557).

The VE responded that there were jobs such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Id.).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

As the plaintiff correctly notes in her brief, the ALJ's decision completely fails to acknowledge the existence of a residual functional capacity form prepared by her treating family physician, Dr. Jose Echeverria. Dr. Echeverria completed the form on November 9, 2004, and limited his patient to less than "light" level exertion, standing and walking no more than four hours in an eight-hour day (20 minutes without interruption), sitting four hours in an eight-hour day (20 minutes without interruption), never climbing, stooping, crouching, crawling, or kneeling, occasionally balancing, and having additional restrictions on reaching, pushing, pulling, and working around heights, moving machinery, temperature extremes, and vibration. (Tr. 479-80).

The Sixth Circuit has consistently held that the opinion of a treating source is entitled to substantial deference, and if it is not to be accorded controlling weight, an ALJ must apply the regulatory factors set out in 20 C.F.R. Section 404.1527(d) in determining what weight to give the opinion. <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 546-7 (6th Cir. 2004). Although the ALJ discussed Dr. Echeverria's office notes in his decision (Tr. 305-6), and made a general finding that

the objective medical evidence did not establish totally disabling impairments (Tr. 308), he clearly did not give good reasons for discounting the treating source opinion. Nor can his failure be described as "harmless error." The procedural safeguards set out in Wilson require a remand where, as here, it is a distinct possibility that the ALJ totally overlooked the treating physician opinion. Bowen v. Commissioner of Social Security, 478 F.3d 742, 748 (6th Cir. 2007).[1]

The plaintiff also objects on appeal to the ALJ's determination that she did not have a "severe" mental impairment. The plaintiff had previously applied for SSI, which was denied in a June 4, 2001 ALJ decision, in which it was determined that she had borderline intellectual functioning and was limited to work requiring no better than a "limited but satisfactory" ability to deal with work stresses, maintain attention and concentration, and understand, remember, and carry out detailed instructions. (Tr. 63). The ALJ noted that he was bound by the residual functional capacity from this prior, final decision unless there was new and material evidence

---

[1] As the plaintiff also points out, one of the bases of the court's 2006 remand was a failure to consider all the limitations given by Dr. Monte Edward Martin, the only examining source who had given specific restrictions at that point. (Tr. 232, 327). The current ALJ also omitted any reference to non-exertional restrictions given by Dr. Martin. (Tr. 308). There was also a subsequent evaluation by Dr. Michael Sifford in the present case, however, who had concluded that there was no evidence for significant restriction. (Tr. 458-60). While the failure to mention Dr. Martin's non-exertional restrictions might have been considered "harmless error" if he had provided the only opinion disagreeing with Dr. Sifford, given that both sources were one-time examiners and not entitled to controlling weight, the issue is moot since the treating physician opinion was not considered.

of a showing of changed circumstances.  <u>Drummond v. Commissioner of Social Security</u>, 126 F. 3rd 837 (6th Cir. 1997); Acquiescence Ruling 98-4 (6).  However, he based his conclusion that the plaintiff would have no "severe" mental impairment partially on a re-evaluation of psychological reports from the prior, final period (which are not even included in the court transcript.) (Tr. 306-7).[2]  The ALJ also cited non-examining reviewer Jane Brake as supporting a conclusion that the plaintiff had no significant mental limitations.  (Tr. 307). As the court noted in its prior decision, Dr. Brake had found that Mrs. Biggs would have a "moderately limited" ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods.  (Tr. 190).  The court found that this was inconsistent with a finding of no restrictions.  (Tr. 328-9). As the plaintiff noted, the ALJ did not appear to be particularly conversant with the details of the court's prior memorandum opinion.[3]  Another state agency reviewer, Dr. Jay Athy,

---

[2] Presumably, the ALJ did not intend to reopen the previously adjudicated period, although this can be done by implication.  <u>See</u>, e.g., <u>Crady v.  Secretary of Health and Human Services</u>, 835 F.2d 617, 620 (6th Cir. 1987).  Since the case is being remanded on other grounds, and the plaintiff has not raised it as an issue, the court will not find that there was an implied reopening at the present time.

[3] The ALJ commented at the administrative hearing that "the remand said to present all medical opinions to the VE.  In other words paint a picture of the--paint as complete a picture as possible including all the medicals in the file."  (Tr. 548).  In fact, the memorandum opinion was concerned with specific, uncontradicted functional restrictions, found by professional sources, which were not given to the VE and which were not properly discounted, and was not concerned with presenting a general picture

07-08 Biggs

who was also cited by the ALJ as supporting a finding of no restrictions, actually found even more limitations. (Tr. 223-4).

The only examining source to express an opinion after the court's remand was Jeanne Bennett, Psy.D., who diagnosed an anxiety disorder and a pain disorder, assigned a current Global Assessment of Functioning (GAF) score of 50, and concluded that Mrs. Biggs would have a "marked" limitation in her ability to tolerate the stress and pressure of day-to-day employment. (Tr. 456). A GAF score of 50 reflects serious symptoms or any serious impairment in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders (4th Edition--Text Revision), p. 34. These conclusions are clearly at variance with a finding of no "severe" mental impairment, and are supported in the evidence only by the opinion of non-examining reviewers Laura Cutler and Lea Perritt. Dr. Cutler attempted to give a rationale for her conclusion that the plaintiff had no "severe" mental impairment, but merely made the boilerplate observation that the portion of Bennett's opinion finding restrictions was "given little weight, as it is not fully supported by objective findings." (Tr. 496). She also added the contradictory comment that the plaintiff's alleged limitations were "partially supported by the evidence." (Id.). The plaintiff's allegations included frequent worry, constant crying, poor concentration, and social isolation (Tr. 552-3), and a finding of no severe

---

of the claimant's condition to the VE. See generally Webb v. Commissioner of Social Security, 368 F.2d 629 (6th Cir. 2004).

07-08 Biggs

mental impairment is inexplicable if these were even partially supported by the evidence. Dr. Perritt merely affirmed Dr. Cutler's evaluation without additional comment. (Tr. 501, 513). Therefore, the ALJ's determination that the plaintiff had no severe mental impairment is not supported by substantial evidence.

The decision will be remanded for further consideration.

This the 31st day of October, 2007.

Signed By:
*G. Wix Unthank* /s/ GWU
United States Senior Judge